## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

**DEBORAH VAILES**                                      **CIVIL ACTION NO.: 15-429**

**VERSUS**                                             **JUDGE JAMES T. TRIMBLE, JR.**

**RAPIDES PARISH**                                     **MAGISTRATE JUDGE HAYES**
**SCHOOL BOARD, ET AL.**

### MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion to Compel [doc. # 21], filed by Plaintiff Deborah Vailes. Defendants, Rapides Parish

School Board ("RPSB") and Dr. Dana Nolan oppose the Motion. [doc. # 29]. For reasons stated

below, the Motion is **GRANTED IN PART AND DENIED IN PART**.[1]

### Background

This discovery dispute arises out of the first set of requests for production of documents

served by Plaintiff on Defendants. On February 25, 2015, Deborah Vailes filed the instant civil

rights complaint pursuant to 42 U.S.C. § 1983 against the Rapides Parish School Board and Dr.

Dana Nolan. [doc. # 1]. Vailes complains that, as a teacher employed by RPSB, she was

inappropriately reprimanded by Dr. Nolan when she made anti-Common Core posts on social

media. *Id.* at 9-10. According to Vailes, as a result of RPSB's policy to reprimand her,

Defendants have deprived Vailes of her right to freedom of speech and equal protection of the

law guaranteed under the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 14-16.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On July 28, 2015, Plaintiff propounded her first set of requests for production to Defendants. [doc. # 21-3]. On September 10, 2015, Defendants responded to some of the interrogatories and document requests but objected to others on the basis of overbreadth, vagueness, ambiguity and undue burden. *Id.* [doc. # 29, p. 4]. On October 28, 2015, Defendants forwarded supplemental responses to Plaintiff and advised that they would supplement again if additional responsive documents were uncovered. [doc. # 29-1]. On November 4, 2015, Defendants supplemented responses for a second time. [doc. # 29-2]. On November 6, 2015, Plaintiff filed the instant Motion to Compel discovery and request for associated attorney's fees. [doc. # 21]. Defendants filed their opposition on November 23, 2015, and Plaintiff filed a reply on November 30, 2015. [docs. # 29, # 30]. Thus, the matter is now before the court.

### **Standard of Review**

Rule 34 dictates that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the "party's possession, custody, or control . . ." FED. R. CIV. P. 34(a)(1). An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond. FED. R. CIV. P. 37(a)(4).

Under Rule 26(b),

[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly construed. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). Ultimately, the relevance inquiry ends where it starts; i.e., the relevancy of a discovery request depends upon whether it is "reasonably calculated" to lead to admissible evidence. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006).

Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). The party seeking the protective order must establish that good cause exists for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981); *see also In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

A party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents for inspection. *See* FED. R. CIV. P.

3

37(a)(3)(B). An evasive or incomplete response is treated as a failure to respond. *Id.* at (a)(4).

Furthermore, the court "may, on motion, order sanctions if . . . a party after being properly served

with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its

answers, objections or written response." *Id.* at (d)(A).

The discovery rules are accorded a broad and liberal treatment in order to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A court may limit discovery if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C).

## Law and Analysis

### I. Request for Production Nos. 1, 3, 4 and 9

Request for Production No. 1, seeks "all records, reports, writings, notes, documents,

memoranda, emails, photographs, videotapes, text messages, tape recordings or statements, or

communication, relating to and/or referencing Plaintiff and any allegations in the complaint."

[doc. # 21-3, p. 5]. Request for Production No. 3 seeks "[a] copy of all records, reports, writings,

notes, documents, memoranda, emails, photographs, videotapes, text messages, tape recordings

or other statements, communications, or recordings relating to the policies, practices, customs

and/or procedures of Pineville Junior High School and/or the Defendant Rapides Parish School

District regarding employee use of social media." *Id.* at 6. Request for Production No. 4 seeks

"[a] copy of all communications between any defendant and any of the individuals identified in

your Rule 26 Disclosures relating to Plaintiff and any of the allegations in the Complaint." *Id.*

Finally, Request for Production No. 9 seeks "[a] copy of all written authorities, policies,

practices, or customs that authorized any Defendant to direct Plaintiff to remove an entry from her personal Facebook page and/or to refrain from displaying her opinion about Common Core or other issues on social media." *Id.* at 7.

Defendants responded by objecting to Request Nos. 1 and 4 as overly broad, unduly burdensome, vague and ambiguous. [docs. # 21-3, p. 5; # 21-7, p. 2]. Defendants objected to Request for Production No. 9 as vague, ambiguous and misleading. *Id.* at 5. Additionally, Defendant provided Plaintiff with eleven documents responsive to Plaintiff's Request for Production No. 1 and RPSB's employee policies responsive to Request for Production Nos. 3 and 9. [doc. # 29, p. 5-9]. Defendants also responded to request No. 4 with emails from Susan Dewees to Dana Nolan and emails from Shelly Close to Plaintiff. [doc. # 21-7, p. 4].

Plaintiff contends that Defendants are purposefully withholding information relevant to Plaintiff's case by providing incomplete responses. [doc. # 21-1, p. 2]. Defendants supplemented their responses on October 28, 2015 and November 4, 2015. [docs. # 29-1; # 29-2]. Defendants represented to the court that, following an exhaustive search, they had produced all responsive documents for these requests in their possession, custody, or control. [doc. # 29]. Federal Rule of Civil Procedure 34(a) provides that a party may only request production of documents "in the responding party's possession, custody, or control." Obviously, Defendants need only produce the information that they possess or control. Thus, Plaintiff's motion to compel further response to Request for Production Nos. 1, 3, 4 and 9 are denied.  Defendants are reminded of their duty to supplement should additional responsive documents be found.

## II. Request for Production No. 2

Request for Production No. 2, seeks "[a] copy of all statements issued on behalf of Pineville Junior High School and/or the Defendant Rapides Parish School District to students, parents of students, teachers, the media, or the general public relating to the school's participation in or approval of Common Core." [doc. # 21-3, p. 6].  Defendants originally responded by stating "[n]one," and then later supplemented their response to object to the relevancy of the request. [doc. # 21-7, p. 4; # 29-1, p. 1]. Defendants contend that their statements concerning Common Core are irrelevant because the Board of Elementary and Secondary Education voted to adopt Common Core standards, not RPSB. [doc. # 29, p. 7]. Plaintiff argues that the statements are relevant due to Defendants "rabid fervor with which [they] support Common Core" and that the statements "provide[] information and motivation for why they suppressed Plaintiff's private speech . . . ." [doc. # 30, p. 2].

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Here, Plaintiff claims that she was reprimanded in order to suppress her speech on a matter of public concern. Defendants statements regarding Common Core are relevant to demonstrate a potential motivation to chill the speech of the Plaintiff.

In the supplemental response, Defendants produced two emails referencing links to a YouTube video and an article in a local newspaper. [doc. #29-1, p. 1]. Defendants also claim to have produced a document containing a printout of a link that formerly contained informational resources on Common Core. *Id.* Plaintiff contends that the documents produced by Defendants

are insufficient and that other statements exist within Defendants' control.[2] [doc. # 21-1, p. 3].

Plaintiff argues that the documents produced thus far contain dead links and that Defendants

"must have an archived copy of this information." *Id.* To the extent it has not already done so,

Defendants shall supplement their response within the next 14 days to provide the requested

information. If, after reasonable and diligent inquiry, Defendants are unable to identify anything

more specific, it shall so certify in its supplemental response.

### III. Request for Production No. 7

Request for Production No. 7, asks Defendant to provide "[a] copy of all records, reports,

writings, notes, documents, memoranda, emails, photographs, videotapes, text messages, tape

recordings or other statements, or communications, regarding the policies, practices, or customs

regarding documented conferences and the criteria for determining when a documented

conference is appropriate." [doc. # 21-3, p. 7]. Defendants initially responded to Request for

Production No. 7 with, "[n]one. These personnel conferences are held at the Principal's

discretion." [doc. # 21-7, p. 5]. Defendants later provided Plaintiff with a Power Point

presentation containing a slide entitled "Personnel Conference Records." [docs. # 29-1, p. 2; #

29-2]. Defendants claim that they are unable to locate any additional information responsive to

Plaintiff's request. [doc. # 29, p. 9].

Plaintiff contends that there is an official RPSB Document for personnel conferences.

[doc. 21-1, p. 5]. Plaintiff claims that RPSB is required "to have information on personnel

---

[2] Plaintiff contends that the Superintendent has made public comments about Common
Core on behalf of the district, RPSB has discussed Common Core at school board meetings and
Defendants response to Request for Production No. 15 alludes to a report by the Superintendent
concerning Common Core. [docs. # 21-1, p. 3; # 29-1, p. 3].

conferences in its agenda and minutes from when this topic was discussed." *Id.* Plaintiff also asserts that there are written guidelines explaining the principal's power to issue a documented conference and the procedures the principal must follow when issuing the documented conference. *Id.* To the extent it has not already done so, Defendants shall supplement their response within the next 14 days to provide the requested information. If, after reasonable and diligent inquiry, Defendants are unable to identify anything more specific, it shall so certify in its supplemental response.

### IV. Request for Production No. 15

In Request for Production No. 15 Plaintiff asks Defendants to provide "[a] copy of all records, reports, writings, notes, documents, memoranda, emails, photographs, videotapes, text messages, tape recordings or other statements, recordings, or communication responsive to Plaintiff's First Set of Interrogatories directed to each and every Defendant." [doc. # 21-3, p. 9]. Defendant responded by objecting to the request as vague, ambiguous, overly broad and unduly burdensome. [doc. # 21-7, p. 8]. Defendants contend that Plaintiff's request does not meet the reasonable particularity standard in Rule 34. [doc. # 29, p. 10]. Rule 34(b)(1)(A) requires a request for production to describe the sought after items with "reasonable particularity." "The goal is that the description be sufficient to apprise a man of ordinary intelligence which documents are required." *U.S. v. Nat'l Steel Corp.*, 26 F.R.D. 607, 610 (S.D. Tex. 1960) (stating that particularity or preciseness of designation depends on circumstances of each case).

Plaintiff has requested "all [documents] responsive to Plaintiff's First Set of Interrogatories directed to [RPSB & Dr. Dana Nolan]." [doc. # 21-3, p. 9]. Plaintiff requests documents concerning thirty-four different interrogatories directed to the two Defendants, which

8

would cover a large array of potential documents. *Id.* Moreover, Defendants state that they have "produced everything clearly approximating Plaintiff's request," after a thorough search. [doc. # 29, p. 10]. The Court agrees that Plaintiff's Request for Production No. 15 is overly broad and does not meet Rule 34's reasonable particularity standard.

<u>V. Request for Production No. 14</u>

In Request for Production No. 14 Plaintiff seeks "[a] copy of the employment records of defendant Nolan referencing all reprimands and/or documented conferences issued by Defendant Nolan during the 2014-2015 school year to all employees." [doc. # 21-3, p. 8]. Plaintiff contends that the past personnel conference records of other employees is relevant to her claims and has yet to be produced by defendant. [docs. # 21-1, p. 9; # 30, p. 6]. Defendants objected to the request "insofar as it requests private, protected information concerning other employees of the Rapides Parish School Board." [doc. # 21-7, p. 8].

Defendants relied on LSA–R.S. 17:1237(A), noting that it provides, in part, that "[t]he contents of a school employee's personnel file shall not be divulged to third parties absent the express written consent of the school employee, except when ordered by a court or by subpoena." Defendants argue that the party seeking this information must show "why it [is] entitled to this presumably confidential and private record," in order to obtain a valid court order. [doc. # 29, p. 10-11]; *Gannett River States Publ'g Corp. v. Monroe City Sch. Bd.*, 8 So. 3d 833, 838 (La. App. 2d Cir. 2009). "[A] general request for the entire record is insufficient to prove entitlement to the presumably confidential contents of the personnel file." *Gannett*, 8 So. 3d at 838.

However, Plaintiff has not made a general request for an entire employment record; instead Plaintiff seeks "employment records of Defendant Nolan referencing all reprimands

and/or documented conferences issued by Defendant Nolan during the 2014-2015 school year to all employees." [doc. # 21-3, p. 9]. Plaintiff is entitled to the documents requested because the requested information is reasonably calculated to lead to admissible evidence within the scope of FED. R. CIV. P. 26(b). Plaintiff has carried her burden of showing what specific records she seeks and why she is entitled to the requested information. *Gannet*, 8 So. 3d at 838.

Defendants request that should the court decide that Plaintiff is entitled to the records she seeks, that disclosure be made subject to the protective provisions outlined in Defendants' proposed protective order. [docs. # 29, p. 12; # 29-8]. Plaintiff agrees to the protective order proposed by Defendants, except that "the records may be 'divulged or described' to the Parties and presented at defendants' depositions." [doc. # 30, p. 6]. Due to the sensitive and personal nature of some of the records involved, the court orders that the disclosure of the documents requested in Request for Production No. 14 be subject to a protective order to govern their use in the course of these proceedings as outlined in Defendants' proposed order and Plaintiff's exception.[3] See below.

### VI. Motion for Sanctions Based on Spoliation

In addition to compelling the Defendant to answer certain Requests for Production of Documents, Plaintiff seeks "a sanction on Defendant's false and misleading production." [doc. # 21-1, p. 9]. Plaintiff requests that the court "preclude the use of Exhibits B and C for evidentiary purposes for a summary judgment motion or for trial." *Id.* Plaintiff claims that Defendants manipulated, altered and misrepresented an image of a Facebook post. *Id.* at 7. Plaintiff asks that

---

[3] Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

the court sanction Defendants by reimbursing Plaintiff for the cost of her expert to verify the manipulation to the image. *Id.* Plaintiff also requests that the court bar Defendants from using the manipulated and altered evidence in any dispositive motions or at trial. *Id.*

Spoliation of evidence "is the destruction or the significant and meaningful alteration of evidence." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010). We permit an adverse inference against the spoliator or sanctions against the spoliator only upon a showing of "bad faith" or "bad conduct." *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005). "The party seeking the sanction bears the burden of proof." *Hunt v. Marquette Transp. Co. Gulf–Inland, LLC*, 2011 WL 3924926 (E.D. La. Aug. 5, 2011). "In order to establish the sanction of adverse inference based on spoliation of evidence, this party must show that the accused had a duty to preserve the destroyed or altered evidence, a culpable breach of that duty, and resulting prejudice to the party seeking the sanction." *Id.* (*citing Rimkus*, 688 F. Supp. 2d at 615–16); *see also Caparotta v. Entergy Corp.*, 168 F.3d 754, 756 (5th Cir. 1999) ("an adverse inference drawn from the destruction of records is predicated on bad conduct by the defendant").

Plaintiff has not met her burden of proving that Defendant manipulated the images through some bad or culpable act. Plaintiff suggests that the Defendants altered the images in Plaintiff's exhibits B and C [docs. # 21-4; # 21-5] to make it appear as though the image represented what Plaintiff had posted to Facebook. [doc. # 21-1, p. 7]. Plaintiff contends that defendant has now turned over "less-altered evidence", which has "been in their possession since September 2014." [doc. # 30, p. 7].

However, this assertion falls short of proving that the Defendants purposefully and

wrongfully manipulated the image in order to advance their position in anticipation of this litigation. Additionally, Plaintiff has failed to demonstrate that Defendants had a duty to preserve the original image posted as it appeared on Facebook and that Plaintiff was actually prejudiced by it. Because Plaintiff has failed to prove misconduct by the Defendants, Plaintiff's motion for monetary sanctions or to preclude the use of the image is denied.

### VII. Request for Discovery Through a Forensic Expert

Plaintiff seeks to have a forensic expert review Defendants' computers to obtain all discoverable information in light of Defendants' alleged dishonesty during litigation. [doc. # 21-1, p. 9-10]. The comments to the federal rules make clear that, while direct "access [to a party's electronic storage device] might be justified in some circumstances," the rules are "not meant to create a routine right of direct access." FED. R. CIV. P. 34 notes of the advisory committee to the 2006 amendments. When allowing such access, the comments to Rule 34 warn courts to "guard against undue intrusiveness." *Id.*

The requesting party should also show that the responding party's production "has been inadequate and that a search of the opponent's [electronic storage device] could recover deleted relevant materials." *Diepenhorst v. City of Battle Creek*, 2006 WL 1851243, at *9 (W.D. Mich. June 30, 2006) (*citing Simon Prop. Group LP v. mySimon, Inc.*, 194 F.R.D. 639, 640–641 (S.D. Ind. 2000)). Courts have been reluctant to rely on mere skepticism or bare allegations that the responding party has failed to comply with its discovery duties. *See A.M. Castle & Co. v. Byrne*, 2015 WL 4756928, at *2 (S.D. Tex. Aug. 12, 2015) (discussion of Federal case law on direct access to a party's electronic device); *see also Scotts Co. v. Liberty Mut. Ins. Co.*, 2007 WL 1723509, at *2 (S.D. Ohio June 12, 2007); *see also Balfour Beatty Rail, Inc. v. Vaccarello*, 2007

12

WL 169628, at *3 (M.D. Fl. Jan. 18, 2007) (denying access to responding party's hard drives where requesting party failed to demonstrate responding party's non-compliance with its discovery duties); *see also McCurdy Group v. Am. Biomedical Group, Inc.*, 9 Fed. Appx. 822, 831 (10th Cir. 2001) (noting that skepticism alone is not sufficient to permit direct access to an opponent's electronic storage device).

Plaintiff has been unable to allege more than mere skepticism or bare allegations that the responding party failed to comply with the discovery rules. Under the circumstances, the court will not grant Plaintiff's request to allow a forensic expert to image Defendants' computers and servers to obtain all discoverable information.

VIII. Request for Attorney's Fees

The court generally must award reasonable expenses to the prevailing party on a motion to compel. FED. R. CIV. P. 37(a)(5)(A). The rule authorizes exceptions, however, for responses that were substantially justified or other circumstances that make an award unjust. *Id.* Moreover, when, as here, a motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses associated with the motion. FED. R. CIV. P. 37(a)(5)(C). Considering the mixed relief obtained by movant and the Plaintiff's failure to comply with Local Rule 37.1, the court is not inclined to assess costs, expenses, and/or fees in this instance.

**Conclusion**

For the reasons stated above,

**IT IS ORDERED** that the motion to compel discovery [doc. # 21] filed by Plaintiff Deborah Vailes, is hereby **GRANTED IN PART** and **DENIED IN PART**. Within 14 calendar days from the date of this order, Defendants shall supplement their discovery responses in

accordance with the opinion herein.

**IT IS FURTHER ORDERED** that Defendants' motion for a protective order, nominated in its opposition memorandum as a "request," [doc. # 29, p. 12] is hereby **GRANTED** as outlined in Defendants' proposed protective order [doc. # 29-8] and subject to Plaintiff's modification [doc. # 30, p. 6] described above.  The proposed protective order, modified as ordered herein, is to be filed on or before February 26, 2016.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions based on spoliation [doc. # 21] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for direct access to outstanding discovery contained in Defendant's computer or server through a forensic expert [doc. # 21] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for costs and/or fees [doc. # 21] is **DENIED**.

In Chambers, Monroe, Louisiana, this 22nd day of February, 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

14